IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLYN BEAVER,<br><br>  Plaintiff,<br><br>  v.<br><br>BANK OF THE WEST<br>WELFARE BENEFITS PLAN, and<br>BANCWEST CORPORATION<br>WELFARE BENEFIT PLAN,<br><br>  Defendants.<br>_____/<br>METROPOLITAN LIFE<br>INSURANCE COMPANY,<br><br>  Real Party in Interest.<br>_____/ | No. C 09-02177 WHA<br><br>**ORDER DENYING<br>DEFENDANTS' MOTION<br>FOR REMAND**, **STAYING<br>PROCEEDINGS FOR LONG<br>TERM BENEFITS CLAIMS,<br>AND VACATING HEARING** |

Defendants move to "remand" plaintiff's claims for long-term disability benefits to the administrator because plaintiff has not exhausted her administrative remedies. The threshold question is whether plaintiff has exhausted her administrative remedies.

The Ninth Circuit has stated that "[f]ederal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so. Accordingly, we have consistently held that before bringing suit under § 502 [of ERISA, 29 U.S.C. 1132], an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (citation omitted). "[D]espite the usual applicability of the exhaustion requirement, there are occasions when a court

1  is obliged to exercise its jurisdiction and is guilty of an abuse of discretion if it does not, the most
2  familiar examples perhaps being when resort to the administrative route is futile or the remedy
3  inadequate." *Ibid.*

4  Defendants argue that plaintiff only applied for short-term disability benefits and never
5  applied for LTD benefits, and therefore, plaintiff has not exhausted her administrative remedies
6  regarding the LTD benefits. Plaintiff counters by arguing that applying for STD benefits is
7  applying for LTD benefits. Plaintiff argues that the STD and LTD benefits are provided by a
8  single-group policy and that the same phone call suffices to make both claims. Plaintiff's
9  arguments are unpersuasive. Plaintiff in his complaint states "[a]lthough the original claim was
10 made during the short term period, the claim was considered and processed as both a short and
11 *potential* long term claim" (Second Am. Compl. ¶ 5) (emphasis added). Additionally, Metlife
12 made it quite clear that she had only applied and appealed for STD disability in their letters to
13 plaintiff after reviewing her STD claim. *See* (ADMIN 116S ,171S, 287S) ("claim for *Short Term*
14 *Disability* benefits") (emphasis added). Nothing in these letters refers to or mentions plaintiff's
15 LTD benefits. Finally, defendants state in their motion that they approached plaintiff's counsel
16 and suggested that plaintiff submit an LTD application which counsel refused (Br. 8). It is
17 perplexing that counsel would refuse such an invitation. Clearly plaintiff has not availed herself
18 to the plan's own administrative procedures or exhausted her administrative remedies for LTD
19 benefits.

20 Plaintiff argues that she was not required to exhaust her administrative remedies because
21 availing herself to the administrative process would have been futile. Plaintiff's strongest
22 argument for futility is the possible misrepresentation to plaintiff that STD benefits need to be
23 exhausted as a prerequisite to LTD benefits. Plaintiff, as proof, quotes a transcript of a
24 conversation with a Metlife representative, the transcript stated:

25 > "cms advised if claim in appeals is overturned will max in July and
26 > will be eligible for ltd. if appeals determines medical does not
> support than ee will not be eligible for any further benefits . . ."

27 (ADMIN 209S-10S). Defendants argues that this conversation is taken out of context and that
28 Metlife was referring to her not being able to gain further STD benefits not LTD benefits.

2

1  Defendants point out, as proof, that plaintiff was assigned to a STD claims specialist not a LTD
2  claims specialist (ADMIN 116S, 409S-10S).  Defendants also assert that plaintiff has been
3  confused about the application for STD and LTD benefits, and that there are two separate
4  procedures which require independent applications.  Defendants show that there are two different
5  policy names, specifically, "The BancWest Corporation Welfare Benefit Plan" and "Bank of the
6  West Welfare Benefit Plan." *See* (ADMIN 59, 111S).  Defendants also show that these each have
7  different procedures and requirements for disability.  *See* (ADMIN 20-24, 80S-86S).  Nothing in
8  the LTD plan asserted that plaintiff was required to exhaust her STD benefits.  Amidst all these
9  facts, plaintiff's argument that defendants represented to plaintiff that she was required to exhaust
10 her STD benefits before qualifying for LTD benefits is unpersuasive.

11 Plaintiff also has an array of other futility arguments that are difficult to understand.  The
12 essence of these arguments seem to be the following: (1) that there is no difference between the
13 LTD and STD definition; (2) that defendants never differentiate between STD and LTD; and (3)
14 that defendants should have bridged plaintiff's STD benefits to LTD benefits.  The first two
15 arguments are refuted by facts of the case.  As explained above, STD and LTD benefits have
16 different procedures and requirements for qualification, and defendants did differentiate between
17 LTD and STD benefits in their letters to plaintiff.  Plaintiff's third argument, if true, would not
18 make applying for LTD benefits futile.  Futility is not established.

19 Therefore, plaintiff is ordered to promptly exhaust her LTD administrative remedies and
20 to do so within **90 days**, and defendants are ordered to promptly process all submissions by her so
21 that this deadline can be met.  Until then, proceedings regarding LTD claims are **STAYED.**
22 Defendants' motion for remand is **DENIED.**  The hearing on Thursday, February 25, 2010, is
23 **VACATED.**

25 **IT IS SO ORDERED.**

27 Dated: February 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3